**620**

HARRIS COUNTY, TEXAS, Plaintiff,

v.

Civil Action No. H–96–3515.

United States District Court,
S.D. Texas,
Houston Division.

Jan. 31, 1997.

See also —— F.Supp. ——.

Bruce Stephen Powers, Office of Harris Cty. Atty., Houston, TX, for Harris County TX.

Vincent M. Garvey, Washington, DC, Lisa A. Olson, Dept. of Justice, Washington, DC, for Nancy Gist.

Deborah Anne Verbil, Office of Atty Gen, Austin, TX, for Dan Morales, Atty. Gen. of TX.

Hope Elizabeth Hammill-Reh, City of Houston, Houston, TX, for City of Houston.

## MEMORANDUM AND ORDER

ATLAS, District Judge.

Defendants City of Houston ("City") and Bureau of Justice Assistance ("BJA") have moved to dismiss this case, pursuant to Fed. R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction, and, in the alternative, the City has moved for summary judgment. Plaintiff Harris County ("County") has also moved for summary judgment. The Court has considered the Motions, the responses and replies, all other matters of record in this case, and the relevant authorities. For the reasons stated below, the City's **Motion to Dismiss** [Doc. # 33] and the BJA's **Motion to Dis-**

miss [Doc. # 43] are **GRANTED**. The County's **Motion for Summary Judgment** [Doc. # 35] and the City's **Alternative Motion for Summary Judgment** [Doc. # 41] are **DENIED AS MOOT**.

In its Opinion and Order ("Order") [Doc. # 30] issued December 13, 1996, this Court ordered that the BJA

> shall promptly inform the parties and the Court of its determination regarding the effect and timeliness of Attorney General Morales' letter regarding certification under H.R. 728 and shall state specifically whether the 50% condition in § 104(b)(9)(A)(i) has been properly certified with respect to Harris County and the City of Houston ... [I]f necessary in light of the foregoing, the BJA shall notify the parties and the Court of any new deadlines by which Attorney General Morales must issue whatever certifications he intends to make.

Order, at 33. On December 20, 1996, the BJA filed a Response [Doc. # 31] to the Court's Order in which it stated its determination that Morales' letter *did* constitute a withdrawal of his certification of the 50% condition and concluded that "[t]herefore, the 50% condition in Section 104(b)(9)(A)(i) is no longer properly certified with respect to Harris County and the City of Houston." Response, at 1. However, in its Response, the BJA informed the parties that Morales could still make a certification "by notifying the Director of the Bureau of Justice Assistance in writing not later than 4:00 PM CST December 23, 1996." *Id.*

█ The City has moved for dismissal of this case on the ground that Morales did not make a certification regarding the 50% condition by this new deadline.[1] The County does not deny that Morales failed to make a new certification after the Court issued its Order but instead opposes the City's Motion by arguing that Morales made this certification in his Original Answer [Doc. # 15], which he filed on November 12, 1996.

The Court rejects the County's argument. The Court's Opinion and Order explicitly notes that, as of the date the Order was issued, December 13, 1996, it was ambiguous whether or not Morales had certified the 50% condition. *See* Order, at 11 (noting "the uncertainty of the status of Morales' certification of the 50% statistical condition").[2] Ruling that it was the BJA's responsibility to determine whether the certification had been made or could still be made,[3] the Court ordered the BJA to make its determination clear to all the parties. *See* Order, at 33.

Even if the Court were willing to revisit its prior determination that, as of the date of its previous Order, Morales had not definitively indicated certification of the 50% condition, the excerpt Plaintiff has provided from Morales' Answer does not specifically address the appropriate issue. In his Answer, Morales stated that "Defendant admits that Harris County bears more than 50 percent of the costs of prosecution or incarceration that arise with respect to Part I violent crimes *in the county*." Original Answer, ¶ 9 (emphasis added). However, the condition at issue, Section 104(b)(9)(A)(i) of H.R. 728, requires attorney general certification that Harris County bears more than 50% of the relevant costs that arise with respect, not to crimes

1. It is undisputed that, under H.R. 728, this certification is necessary in order for the BJA to impose a joint funding application requirement on the City and County.

2. The Order also described several reasons why "Morales might not resubmit certification as to the 50% statistical condition," Order, at 12, thus indicating that the Court did not interpret any of Morales' statements in the case or papers filed as conclusive certifications of this condition. *See also* Order, at 15 n. 17 (illustrating the ambiguity of Morales' position on certification of the 50% condition). Before reaching the statutory interpretation dispute that was at issue in this case, the Court concluded that the County's injury was

*"likely"* to be redressed by the requested relief," but only after pointing out that, because it was not clear whether Morales would certify or the BJA would deem him to have already certified this condition, redressability was not certain. Order, at 12–13.

3. *See* Order, at 8 n. 9 ("Since the statute does not specify the conditions by which certifications are to be accepted or rejected, the factual question of whether Morales' letter effectively withdrew his original certification entirely or only in part is one for the BJA, the administrative agency charged with implementation of the statute, and not this Court, to determine").

"in the county," but to crimes "reported by the City." In its Response to Federal Defendant's Motion to Dismiss and Defendant City's Alternative Motion for Summary Judgment [Doc. # 46], at 2, Plaintiff argues that, in the context of this case, the terms "in the county" and "reported by the City" are "essentially synonymous" because "the vast majority of all violent crimes in the county are committed in the City of Houston."[4] The Court finds it unnecessary to determine whether this statement is true, since it is clear that Morales failed specifically to address the issue required by the statute. Even if the two terms should be deemed interchangeable in this case, the statute does not require the BJA to accept certification based merely upon a statement by the attorney general from which the BJA could draw an inference that the necessary condition has been met. Instead, the statute requires Morales himself to certify the condition specifically.

The County also argues that the BJA's refusal to accept one of Morales' statements in a court pleading, regarding the 50% condition, as an official certification is "arbitrary and capricious." The Court disagrees. To the extent the BJA determined that Morales withdrew his certification in its entirety by his letter of September 27, 1996, the BJA was not required to accept a belated resubmission of part of Morales' original certification. Order, at 13. Nevertheless, the BJA extended its deadline for certification, in light of this litigation, to December 23, 1996, thus providing Morales sufficient opportunity to

certify the condition to the BJA if he chose to do so. Morales, a party to this litigation, was therefore aware of the repercussions of his failure to act upon the BJA's further invitation. The BJA clarified that it did not consider the condition to be properly certified as of December 20, 1996. The BJA then established the method by which Morales could still make the certification. In light of Morales' prior ambiguous and contradictory statements regarding certification of the 50% condition,[5] it was not arbitrary or unreasonable for the BJA to declare the condition to be not certified as of December 20, 1996, and to require Morales to take the affirmative step of providing the BJA new notice if he did in fact intend to make the certification.

▇▇▇ Because Attorney General Morales did not certify, pursuant to Section 104(b)(9)(A)(i) of H.R. 728 and in accordance with procedures established by the BJA, that Harris County bears more than 50% of the costs of prosecution or incarceration that arise with respect to part 1 violent crimes reported by the City of Houston, the BJA is not required under Section 104(b)(9)(A)(ii) to require the County and City to submit a joint application for local law enforcement block grant funds. Therefore, it is no longer relevant whether Section 104(b)(9)(A)(ii)(I) requires an attorney general determination "that such allocation is likely to threaten the efficient administration of justice," and thus there is no longer any justiciable controversy before the Court.[6] It is therefore

---

4. Plaintiff relies on the BJA's Local Law Enforcement Block Grant Program Allocation schedule for fiscal 1996 funds.

5. Counsel for Morales could not commit to the Court at oral argument what Morales' position was as to certification of the 50% condition. In response to the Court's request for clarification, Morales sent a letter to the Court that stated, in separate places, three different positions: (1) that he had "already certified" the 50% condition; (2) that as of the date of the letter, November 18, 1996, he could not certify the condition; and (3) "[w]ith all due respect to the Court," that whether he would "exercise his discretion" to certify the condition was "outside the scope of this proceeding," thus indicating that he would not say whether he would certify the condition. *See* Letter from Morales' Counsel to the Court, dated

November 18, 1996, ¶¶ 2, 6, and 8 (numbered by full paragraphs). *See also* Order, at 15 n. 17.

6. Although on December 13, 1996, a justiciable controversy existed that allowed the Court to render the Opinion and Order it issued on that date, for the reasons stated above, this controversy is now moot. A federal court lacks Article III jurisdiction over a controversy in which the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome, unless that controversy is likely to recur while evading review. *See Hope Medical Group for Women v. Edwards*, 63 F.3d 418, 422 (5th Cir. 1995), *cert. denied*, — U.S. ——, 116 S.Ct. 1319, 134 L.Ed.2d 471 (1996). In this action, Plaintiff has not argued, and this Court finds no reason to believe, that this exception to the mootness doctrine applies to this controversy.

**ORDERED** that the City of Houston's Motion to Dismiss [Doc.# 33] and the BJA's **Motion to Dismiss** [Doc. # 43] are **GRANTED**. It is further

**ORDERED** that Plaintiff's **Motion for Summary Judgment** [Doc. # 35] and the **City's Alternative Motion for Summary Judgment** [Doc. # 41] are **DENIED AS MOOT**. It is further

**ORDERED** that the City of Houston's request for costs and attorneys' fees is **DENIED**.